IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIC SCOTT,

                Plaintiff,

  v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
SPENCER SIARNICKI, and KYLE CHAPMAN,

                Defendants.

OPINION & ORDER

15-cv-401-jdp

---

DEMETRIC SCOTT,

                Plaintiff,

  v.

MILWAUKEE POLICE DEPARTMENT
and JOHN DOE POLICE OFFICER,

                Defendants.

OPINION & ORDER

15-cv-404-jdp

---

*Pro se* plaintiff Demetric Scott, a prisoner in the custody of the Wisconsin Department of Corrections currently housed at the Milwaukee Secure Detention Facility, has filed two civil complaints alleging that probation agents and a city of Milwaukee police officer performed an anal cavity search on him. Plaintiff seeks leave to proceed with his cases *in forma pauperis*, and he has already made an initial partial payment of each filing fee previously determined by the court.

Plaintiff's first complaint (docketed in case no. 15-cv-401-jdp) names the state of Wisconsin and probation agents as defendants. Plaintiff also filed a separate complaint (docketed in case no. 15-cv-404-jdp) concerning the same events but naming the Milwaukee Police Department and Jon Doe officer as defendants. There is no reason for plaintiff to have

submitted two separate complaints for the same incident. Federal Rule of Civil Procedure 20 allows a plaintiff to combine defendants together in a complaint if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Plaintiff alleges that the state and city defendants acted together to violate his rights during the cavity search, so I will combine both of his complaints together in the '401 case. The '404 case will be dismissed and plaintiff will not owe the filing fee for that case.

The next step is for the court to screen the complaint and dismiss any portions that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any *pro se* litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

After considering plaintiff's allegations, I will allow him to proceed on Fourth Amendment claims against the individual defendants. The Wisconsin DOC and Milwaukee Police Department will be dismissed.

ALLEGATIONS OF FACT

Plaintiff Demetric Scott is a prisoner in the custody of the Wisconsin Department of Corrections currently being held at the Milwaukee Secure Detention Facility. I understand plaintiff to be alleging that the following events took place while he was at his home in Milwaukee on probation.

On May 4, 2015, defendant probation agents Spencer Siarnicki and Kyle Chapman and defendant John Doe Milwaukee police officer arrived at plaintiff's home. They believed that plaintiff had hidden something in his underwear. They forced plaintiff to the floor, spread his buttocks, and forced their fingers into plaintiff's anal cavity, causing plaintiff severe pain. Plaintiff was also harmed psychologically from the event, in part because he suffers from post-traumatic stress disorder from being sexually assaulted as a child.

ANALYSIS

I understand plaintiff to be bringing claims that his Fourth Amendment rights were violated by defendants conducting a painful, humiliating body cavity search. The Fourth Amendment protects the right of individuals to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. In general, a search or seizure is reasonable where "there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). However, I understand plaintiff to be saying that he was on probation when the search occurred. Probationers have reduced Fourth Amendment rights. A probationer may be searched based on "reasonable suspicion" that the person violated the terms of his supervision, parole, or probation. *United States v. Knights*, 534 U.S. 112, 121 (2001); *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003) ("Therefore, we must determine whether the facts, taken in the light most favorable to Knox, show that Smith requested the warrant without reasonable suspicion to believe that Knox had violated his [mandatory supervised release]."). The reasonable suspicion standard requires "'something less than probable cause but more than a hunch,' which exists when there is some 'objective

3

manifestation' that a person is, or is about to be, engaged in prohibited activity." *Knox*, 342 F.3d at 659 (quoting *United States v. Lenoir*, 318 F.3d 725, 729 (7th Cir. 2003)).

Although plaintiff does not explain why defendants thought he was hiding contraband, I will infer at this point that defendants' suspicion was unfounded and thus unreasonable. Moreover, even if *some* type of search might have been reasonable, there is good reason to think that a painful, humiliating body cavity search on the spot was unreasonable, particularly given that such searches appear to be forbidden by DOC rules. *See* Wis. Admin. Code § 328.22 ("A search of an offender, the offender's living quarters or property, or seizure of the offender's body contents may be made at any time, but only in accordance with this section. Strip searches or body cavity searches are prohibited."). Accordingly, I will allow plaintiff to proceed on Fourth Amendment claims against defendants Siarnicki, Chapman, and Doe.

At the preliminary pretrial conference that will be held later in this case, Magistrate Judge Stephen Crocker will explain the process for plaintiff to use discovery to identify the name of the Doe defendant and to amend the complaint to include the proper identity of that defendant.

Plaintiff also names the Wisconsin DOC and Milwaukee Police Department as defendants and attempts to bring claims against the individual defendants in their official capacities. State agencies such as the Wisconsin Department of Corrections cannot be sued on a claim for constitutional violations because such agencies are not "persons" within the meaning of 42 U.S.C. § 1983, which is the statute that authorizes lawsuits for constitutional violations. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65-66 (1989). Accordingly, the DOC must be dismissed. Similarly, state officials may not be sued for money damages in

their official capacities. *Id*. at 70-71. All plaintiff seeks in this case is money damages, so he may not proceed on official-capacity claims against defendants Siarnicki and Chapman.

Municipal entities such as the city of Milwaukee[1] may be held liable under § 1983 if the municipality has a policy that causes a constitutional violation. *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 692 (1978). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). However, plaintiff does not include any allegations suggesting that there was any city policy involved in the incident in question, so he may not proceed on a claim against the city. For the same reason, there is no reason to allow plaintiff to proceed in an official-capacity claim against the Doe police officer.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to docket plaintiff Demetric Scott's complaint in case no. 15-cv-404-jdp as a supplement to plaintiff's complaint in case no. 15-cv-401-jdp. The '404 case will be DISMISSED and plaintiff will owe no filing fee for that case. The clerk is directed to credit the initial partial payment plaintiff made in the '404 case toward the '401 case and inform the warden of plaintiff's institution that the prison business office should make no further payments toward the '404 case.

---

[1] The Milwaukee Police Department is not the correct entity to be named in a *Monell*-type claim, *see Grow v. City of Milwaukee*, 84 F.Supp. 2d 990, 995-96 (E.D. Wis. 2000) (concluding that Milwaukee Police Department was not proper party defendant). However, because this court has a duty to assist *pro se* plaintiffs in identifying and serving the proper parties, *see Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 555-56 (7th Cir. 1996), I will proceed to discuss plaintiff's claim as if he had named the city itself as a defendant, which is capable of being sued for policy-based violations of constitutional rights.

2. Plaintiff is GRANTED leave to proceed on Fourth Amendment claims against defendants Spencer Siarnicki, Kyle Chapman, and John Doe Milwaukee police officer for performing a body cavity search on him on May 4, 2015.

3. Plaintiff is DENIED leave to proceed on claims against the individual defendants in their official capacities.

4. Plaintiff is DENIED leave to proceed on any claims against defendants Wisconsin Department of Corrections and Milwaukee Police Department, and these defendants are DISMISSED from the lawsuit.

5. Under an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being sent today to the Attorney General for service on the state defendants. Under the agreement, the Department of Justice will have 40 days from the date of the Notice of Electronic Filing of this order to answer or otherwise plead to plaintiff's complaint if it accepts service on behalf of defendants.

6. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff has learned what lawyer or lawyers will be representing defendants, he should serve the lawyers directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that he has sent a copy to defendants or to defendants' attorney.

7. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

Entered November 12, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge